IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-96-84-D |
| HAROLD EUGENE BELL, | ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

Defendant Harold E. Bell, a federal prisoner appearing *pro se*, has filed a Request for Certificate of Appealability [Doc. No. 302], to appeal the Order of December 18, 2012, which denied relief under Fed. R. Civ. P. 60(b)(6) from a previous order denying a motion to vacate his sentence under 28 U.S.C. § 2255.

Defendant is correct that a certificate of appealability ("COA") is required to proceed with an appeal from the denial of his Rule 60(b) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006). He may obtain a COA, however, only upon making "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where relief is denied on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is DENIED.

Defendant has also filed an Application to Proceed In Forma Pauperis [Doc. No. 303]. Although 28 U.S.C. § 1915(b) does not apply to habeas actions, *see United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997), both § 1915(a)(1) and (3) do apply. Thus, Defendant must show that the appeal is taken in good faith and that he lacks the financial ability to pay the required fees. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). An appeal is not taken in good faith under § 1915(a)(3) if the applicant fails "to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

Upon consideration, the Court finds that Defendant has not presented a reasoned, nonfrivolous argument for appeal and thus his appeal is not taken in good faith. Accordingly, the Court finds Defendant is not entitled to proceed without payment of the filing fee, and the Application is DENIED.

IT IS THEREFORE ORDERED that Defendant's motion for a COA [Doc. No. 302] and motion to proceed *in forma pauperis* [Doc. No. 303] are DENIED. Defendant is advised that unless the $455.00 appellate filing fee is paid in full to the Clerk of this Court within

30 days from the date of this Order, the appeal may be subject to dismissal by the appellate court.

IT IS SO ORDERED this 9th day of January, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE